**Ming Feng LING, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,* Respondents.**

**Docket No. 02–4949.**

United States Court of Appeals, Second Circuit.

July 22, 2005.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

Jay Ho Lee, Law Offices of Yee Ling Poon, New York, N.Y. (Yee Ling Poon, on the brief), for Petitioner.

Lisette M. Reid, Assistant United States Attorney, Southern District of Florida, Miami, FL (Anne R. Schultz, Chief, Appellate Division, on the brief), for Marcos Daniel Jiménez, United States Attorney, for Respondent.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and HURD,** District Judge.

*SUMMARY ORDER*

Ming Feng Ling, a citizen of the People's Republic of China, petitions for review of a November 22, 2002 order of the BIA, summarily affirming a January 16, 2001 oral decision of the Immigration Judge ("IJ"), which denied Ling's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume familiarity with the facts, procedural history, and issues presented on appeal.

"Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision rather than the BIA's order." *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) *(per curiam )*. The IJ found that Ling failed to establish either: [i] past persecution or a well-founded fear of future persecution (foreclosing asylum and withholding of removal relief); or [ii] that it was more likely than not that he

would be tortured upon return to China (foreclosing CAT relief). Because a reasonable adjudicator would not "be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), the IJ's findings are conclusive.

We have considered Ling's remaining arguments and find each of them to be without merit. The petition is DENIED.