**Jin Chai ZHU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 03–41212 NAC.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

Gang Zhou, New York, NY., for Appellant.

John W. Sippel, Jr., Assistant United States Attorney for the Southern District of New York, New York, NY., for Appellees.

Present: LEVAL, STRAUB, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review be DENIED.

Jin Chai Zhu, a native and citizen of China, petitions this Court for review of a decision of the Board of Immigration Ap-

peals ("BIA"). The BIA affirmed, without opinion, the immigration judge's ("IJ") decision denying Zhu's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review factual findings of the BIA and IJ under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Here the IJ found Zhu's testimony incredible based on her receipt of official state documents while in hiding and the incongruity between her testimony and the letter submitted by her husband. Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," we affirm the BIA's decision upholding the IJ's adverse credibility finding. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*).

As Zhu has not satisfied the standard for granting asylum, she cannot meet the higher standard for granting withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Further, as Zhu has not demonstrated that she would be tortured if returned to China, her claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

The petition for review is therefore DENIED.