**QUING SHAN IU, also known as Qing Shan Liu, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,\* Respondent.**

**No. 03–40900–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Petitioner.

Carol A. Casto, Assistant United States Attorney (Kasey Warner, United States Attorney for the Southern District of West Virginia), Charleston, West Virginia, for Respondent.

PRESENT: MINER, SACK and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied and the decision of the BIA be and it hereby is AFFIRMED.

Quing Shan Iu, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews an IJ's or the BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). The "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). " 'Where the IJ's adverse credibility finding is based on specific examples in the record of .... contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." ' *Id.* (quoting *Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004)). However, these reasons "must bear a legitimate nexus to the [adverse credibility] finding ..... and must be valid grounds for disregarding an applicant's testimony." *Secaida–Rosales*, 331 F.3d at 307 (internal quotations and citations omitted).

In this case, the adverse credibility determination was substantially supported by the evidence as a whole. The credibility determination was based on specific examples in the record of inconsistencies between Iu's statement in support of his application, and the documentary evidence provided to corroborate his claims. In his testimony and statement in support of his application, Iu failed to mention that he had been fined or punished after continuing to sell Falun Gong materials, as described in the Punishment Notice he submitted in support of his asylum claim. Further, Iu's mother failed to mention ei-

ther that Iu had been twice detained and questioned, or that the public security officials had issued a warrant for Iu's arrest. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (per curiam).

Because Iu is ineligible for asylum, the IJ and BIA properly concluded that he could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales*, 331 F.3d at 306. Furthermore, with regard to the CAT claim, Iu failed to prove that "it is more likely than not that he ... would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, he is not eligible for CAT relief. While the IJ made an adverse credibility finding, the IJ considered all of the proffered evidence and, therefore, gave the CAT claim "individualized treatment." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 186 (2d Cir.2004) (internal quotations omitted).

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED.