**SHUI MEI LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–3025–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Karen Jaffe, New York, New York, for Petitioner.

Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Patricia R. Cangemi, Assistant United States Attorney, District of Minnesota, Minneapolis, MN, for Respondent.

PRESENT: JOSÉ A. CABRANES, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

Shui Mei Lin, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, the BIA issues a short opinion that adopts and primarily recounts the IJ's decision, this Court may review the IJ's decision rather than that BIA's. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122 (2d Cir.2005) (BIA adopted IJ decision). This Court reviews the IJ's factual findings under the substantial evidence standard: "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* at 307 (quoting *Diallo v. INS,* 232 F.3d, 279, 287 (2d Cir.2000)). The IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*).

Here, the IJ's finding that Lin did not demonstrate a well-founded fear of persecution is substantially supported by the record as a whole. Among other things, the IJ found that Lin did not prove eligibility because Lin testified that she left China because her family was having economic problems, not due to past persecution or a well-founded fear of future persecution based on a protected ground.

Economic deprivation can constitute persecution, but an applicant must offer proof that he suffered a "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dept. of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (quoting *Chen v. INS,* 195 F.3d 198, 204 (4th Cir.1999)). The IJ correctly concluded, based on Lin's testimony and her statement in support of her asylum application, that the economic hardships suffered by Lin and her family were brought on by their having borrowed money and were not imposed by an outside actor. This determination is therefore a proper basis for denial of Lin's asylum claim. Since Lin was unable to establish eligibility for asylum, the IJ also correctly determined that she could not meet the higher burden of proof for withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004).

Lin has abandoned any challenge to the IJ's denial of her CAT claim by failing to argue this claim sufficiently in her brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540 (2d Cir.2005).