**CUI HUA CHEN, Hong Fei Lin, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales,\* Respondent.**

NoS. 03–40485–AG(L), 03–40489–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Norman Kwai Wing Wong, Law Office of Norman Kwai Wing Wong, New York, New York., for Petitioners.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Kathleen Moro Nesi, Assistant United States Attorney, Detroit, Michigan, for Respondent.

Present: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied and the decision of the BIA be and it hereby is AFFIRMED.

Cui Hua Chen and Hong Fei Lin, through counsel, petition for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying Chen's application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand we will not reverse a finding (directing entry of the contrary finding), unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

Notwithstanding any errors cited by petitioner, the IJ's adverse credibility determination is substantially supported by the record as a whole. First, the IJ determined that Chen's demeanor during her testimony suggested that she was reciting facts rather than relating actual events. *See Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir.2005) (noting that this Court gives "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"). Further, the credibility determination was based on specific examples in the record of inconsistencies between Chen's statements in support of her application for asylum and her statements to healthcare providers in this country regarding the dates and number of abortions she had received and between her testimony and her husband's previous statements regarding the authenticity of the certificate stating she had Hepatitis B. Accordingly, this Court cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005). Finally, because Lin is ineligible for asylum, the IJ properly concluded that she could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales,* 331 F.3d at 306.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.