**WEN HUA ZHAO, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0300–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Karen Jaffe, New York, New York, for Petitioner.

Kathleen M. Salyer, Assistant United States Attorney, Anne R. Schultz, Chief, Appellate Division, Marcos Daniel Jimenez, United States Attorney for the Southern District of Florida, Miami, Florida, for Respondent.

PRESENT: MINER, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Wen Hua Zhao, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA does not expressly adopt the IJ's decision, but issues a short decision that agrees with all or most of the IJ's reasoning, it is appropriate to review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the IJ's findings of fact under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004); *see* 8 U.S.C. § 1252(b)(4)(B). Nonetheless, we will vacate findings that are based on flawed reasoning or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, substantial evidence supports the IJ's adverse credibility determination. The IJ's decision deserves substantial deference because it is based primarily on Zhao's demeanor, and bolstered with specific examples of suspicious testimony. *See Zhou Yun Zhang,* 386 F.3d at 73—74.

Zhao's failure to mention his girlfriend's abortion on his I–589 is a major reason to doubt his credibility, even if it were standing alone. The abortion was an "essential factual allegation" that went to the heart of his asylum claim, and the delay in asserting it until specifically asked about it in court "strains credulity." *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111–12 (2d Cir.2005) *(per curiam ).* His explanation that his lawyers never asked him about it makes little sense, given the unusual level of detail in the application, and the timing of the filing. Moreover, the fact that the authorities were able to find his girlfriend and perform the abortion is relevant to whether Zhao's own fear of punishment is reasonable.

Zhao also failed to provide a satisfactory explanation for his failure to mention the 30,000 yuan fine in court. He stated simply that he had not mentioned the fine because no one had asked him about it specifically. However, the IJ did ask him

412

specifically, multiple times, to give all the reasons the superintendent threatened him with arrest, and he made no mention of his claim in his I–589 that he was threatened with jail if he did not pay the fine. The IJ reasonably could have concluded, from listening to Zhao and observing his demeanor, that he was unable to remember this unless he heard the trigger word "fine" and therefore was testifying from a script. *See Zhou Yun Zhang*, 386 F.3d at 73. Moreover, Zhao's submission of a "Certificate of No Criminal Record" further undermines his contention that he was ever wanted by the police for any reason. The certificate, dated June 13, 2001, states that Zhao had "no record of committing offenses against the criminal law up to the day when he left China on February 25, 2001." Provided that this was, in fact, a genuine certificate, the IJ reasonably found that it undermined his claim that the police had an outstanding arrest warrant and were looking everywhere for him.

The contradiction regarding Zhao's dates of employment is also significant, even though the underlying facts are relatively tangential to his claim. His I–589 is internally inconsistent, listing him as unemployed since October 1999 in the chart on the second page, while his affidavit makes multiple reference to construction projects he worked on in 2000 and 2001. When Zhao was not able to explain the discrepancy in court, the IJ reasonably concluded that "he made up the story about what happened in 2001 and he completely forgot that earlier he had said in another part of the application that he had been unemployed as of October of '99." *See Zhou Yun Zhang*, 386 F.3d at 75 n. 10 (noting that certain discrepancies, while not "conclusive" in themselves, may demonstrate an "overall lack of veracity").

The IJ also cited two alleged implausibilities in Zhao's testimony: his claim not to know what the local marriage and birth control policies were, and his claim that he and his girlfriend stayed in his house despite the official abortion warning, simply because they did not take this threat seriously. The first factor is inconsequential, but the second undermines the magnitude of the fear Zhao claimed, and in particular it serves to make his claim that he would be fined 30,000 yuan or jailed even less credible. Moreover, that Zhao only gave a summary conclusion that he feared jail for the reasons stated before, instead of referring to any particular details from his earlier testimony, gives further support to the IJ's theory that his testimony was scripted. While an alternative conclusion is certainly possible, the IJ gave specific, cogent reasons for the finding, and the record does not compel a contrary result. *See Zhou Yun Zhang*, 386 F.3d at 74. Nor is the finding based on flawed reasoning or an erroneous legal standard. *See Secaida–Rosales*, 331 F.3d at 307. Under our limited standard of review, the IJ's conclusion must be upheld.

Substantial evidence also supports the IJ's denial of CAT relief, either on grounds of credibility or failure to meet the burden of proof. Zhao has waived this claim, however, by failing to raise it before this Court. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED, and Zhao's motion for a stay is DENIED.