## Aleksander PRENGA, Petitioner,

v.

## IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

### No. 03–41187–AG.

United States Court of Appeals, Second Circuit.

Dec. 8, 2005.

Sam Gjoni, New York, New York, for Petitioner.

Alonzo H. Long, Assistant United States Attorney (David E. Nahmias, United States Attorney for the Northern District of Georgia, on the brief), Atlanta, Georgia, for Respondent.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Aleksander Prenga, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

Prenga challenges only the adverse credibility finding as it relates to his asylum application; he does not challenge the IJ's denial of his withholding of removal or CAT claims. Accordingly, these claims are waived, and the only issue on appeal is the denial of Prenga's application for asylum. *See Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We review the IJ's decision in this case because the BIA expressly adopted the IJ's findings in its own opinion that merely restated the IJ's reasoning. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court will not reverse an IJ's finding unless a reasonable adjudica-

tor would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B). This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). Credibility determinations are also typically reviewed under the substantial evidence standard, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). When the "IJ's adverse credibility finding is based on specific examples in the record of . . . contradictory evidence or inherently improbable testimony . . ., [this Court] will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (quoting *Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)).

The IJ's decision on the merits of Prenga's asylum claim relied solely on the IJ's finding of adverse credibility. The IJ based his adverse credibility finding on several different grounds. After examining each ground, it is clear that substantial evidence supports the IJ's adverse credibility finding.

Prenga testified that he was arrested for a second time in January 1999. The IJ noted that Prenga's testimony was inconsistent regarding where he was arrested. In his asylum application, Prenga stated that he was arrested at his home at 11:00 PM because he had participated in an Anti–Communist event. In his testimony, however, Prenga stated that he was arrested at an Anti–Communist demonstration and taken to the police station in a van with several other demonstrators. When later asked to clarify the discrepancy be-

tween his asylum application and his testimony, he stated that he was arrested at the demonstration, released, and then re-arrested later that evening at his home. He stated that he was eventually released because "they didn't want to leave people the impression that we were arrested and after that they came in the evening when nobody saw them." The IJ found it inherently improbable that the police would arrest him in the afternoon and release him only to go to his home later that night to arrest him again.

Prenga wrote in his asylum application that he was arrested in August 1999 because the secret police had learned that he had participated in a meeting where the participants discussed the possibility of removing the Socialist Prime Minister from office. The IJ noted that Prenga did not provide this reason in his testimony; rather, he stated that the police arrested him because they were trying to convince him to spy on the Democratic Party.

The IJ also relied on Prenga's inconsistent testimony regarding whether or not he was beaten during his August 1999 detention. Prenga stated in his asylum application that he was severely beaten and his life was threatened while in custody during this time. However, in his testimony, Prenga stated only that he was questioned and his life was threatened. He did not state that he was physically beaten.

The IJ did rely on additional factors in making the adverse credibility finding; however, the above reasons are sufficiently supported by the record to uphold the finding. Accordingly, the petition for review is denied, and the BIA's order is affirmed. The petitioner's motion for stay of removal is denied as moot.