**Lan LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 03–40349–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Yuming Wang, Wynnewood, Pennsylvania, for Petitioner.

McGregor W. Scott, United States Attorney for the Eastern District of California, Thomas E. Flynn, Assistant United States Attorney, Chief of Appeals, Sacramento, California, for Respondent.

Present: WALKER, Chief Judge, WINTER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Lan Lin, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam* ). We review the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate a decision that is based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand, we will not reverse a decision unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. s 1252(b)(4)(B). Finally, we conduct a *de novo* review of the IJ's application of the law to the facts of a particular case. *See Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003).

In this case, the IJ's factual findings were supported by substantial evidence in the record. In determining that Lin's testimony was not credible, the IJ relied on specific examples of the implausibility of Lin's testimony. The IJ also correctly determined that, even if Lin's testimony established past persecution such that she was presumed to possess a well-founded fear of future persecution, the preponderance of the evidence demonstrated that a change in circumstances had obviated Lin's fear of persecution. *See* 8 C.F.R. § 208.13(b); *Islami v. Gonzales,* 412 F.3d 391, 397 (noting that, even where a petitioner has established past persecution, asylum may be denied where the Government demonstrates that there is little likelihood of present or future persecution). Lin testified that, in September 2000, her mother was forcibly sterilized. Because, according to Lin, the goal of the Chinese

government's actions against her family was to prevent her parents from having any more children, the IJ correctly determined that, as a result of her mother's sterilization, Lin did not possess an objectively reasonable fear of future persecution based on her parents' non-compliance with the family planning policies.

This Court has determined moreover that 8 U.S.C. § 1101(a)(42), which provides that a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure, is deemed to have been persecuted on account of political opinion, also provides protection to the spouses of those people who have been subjected to forced abortions or involuntary sterilization, or who have otherwise been directly subjected to China's coercive family planning policies. *See Zhang v. INS*, 386 F.3d 66, 72–73 (2d Cir.2004) (following the BIA's decision in *In re C–Y–Z*, 21 I & N Dec. 915 (BIA 1997) (en banc)). However, this Court has limited the holding of *Zhang* by declining to extend the protection of § 1101(a)(42) beyond the husband-wife relationship. *See Yuan v. United States Dep't of Justice*, 416 F.3d 192 (2d Cir. 2005).

Finally, because Lin is ineligible for asylum, the IJ properly concluded that she could not meet the higher burden of establishing eligibility for withholding of removal. *See Secaida–Rosales*, 331 F.3d at 306.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED.