**Guang Yao LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–3833–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Guang Yao Lin, Elmhurst, New York, for Petitioner, pro se.

David E. Nahmias, United States Attorney for the Northern District of Georgia, R. David Powell, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

Present: Hon. Guido CALABRESI, Hon. Robert A. KATZMANN, and Hon. Reena RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Guang Yao Lin, *pro se*, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*).

This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. Accordingly, we will vacate findings that are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). On the other hand, we will not reverse a finding of fact, unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

In this case, the IJ's adverse credibility finding was supported by substantial evidence. The IJ pointed to specific instances in the record where Lin's testimony was inconsistent with the documents he provided to support his asylum claim, including Lin's household registration, which indicated that he was a student with no marital status, contrary to his testimony that he was a married farmer, as well as the "floating population marriage and birth certificate," which reflected that his purported wife had received an intrauterine device ("IUD") only once, contrary to his testimony that the Chinese government had twice required his wife to receive an IUD, and had forced her to undergo an abortion in September 2001. Because Lin's asylum claim was based on his alleged resistance to the coercive family planning policies, the inconsistencies between Lin's testimony and his supporting documents involved facts central to Lin's claim and thus, bore a "legitimate nexus" to the IJ's adverse credibility finding. *See Secaida–Rosales,* 331 F.3d at 307.

In regard to Lin's CAT claim, because he did not devote any argument in his brief to the IJ's determination that Lin did not merit relief under the CAT, this Court deems his petition for review of the IJ's findings on this point abandoned. *See*

*Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, (2d Cir.2005). However, to the extent that Lin's *pro se* brief could be construed to argue, as he did in front of the BIA, that he feared torture after illegally departing China, the claim fails because Lin offered no evidence, other than his own statement, that he would be tortured for leaving China illegally. Accordingly, there is nothing in the record to suggest that a reasonable adjudicator would be compelled to conclude to the contrary regarding Lin's CAT claim.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).