**Xu Duan DONG, Petitioner,**

v.

**John ASHCROFT, Respondent.**

**Docket No. 03–4075.**

United States Court of Appeals, Second Circuit.

Argued: April 4, 2005.

Decided: April 22, 2005.

---

Karen Jaffe (Charles C. Day, of counsel), New York, N.Y. for Petitioner.

Michael R. Holden, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney, of counsel; David N. Kelley, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, N.Y. for Respondent.

Before: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

PER CURIAM.

Petitioner Xu Duan Dong, a native and citizen of the People's Republic of China ("China"), petitions this Court for review of a December 16, 2002 order of the Board of Immigration Appeals ("BIA") affirming a December 29, 1997 decision by an immigration judge ("IJ") that denied petitioner's application for asylum and for with-

holding of removal. At the hearing before the IJ, petitioner testified that, having fathered three children, he had suffered persecution, including forcible sterilization, under China's family-planning policy, and that he had a well-founded fear of further persecution upon return to China. The IJ found petitioner to be not credible, citing inconsistencies among petitioner's testimony and other evidence in the record, the lack of corroborating documentary evidence, failure of petitioner's allegations to comport with record evidence on conditions in China, and petitioner's demeanor at the hearing.

Where, as here, the BIA summarily affirmed the IJ's decision, we review the IJ's decision rather than the BIA's order. *See Zhang v. DOJ*, 362 F.3d 155, 158–59 (2d Cir.2004). Our review of the IJ's credibility findings is highly deferential, *see Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004), and the IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B); *see also Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhang*, 386 F.3d at 74 (citations and internal quotation marks omitted).

In this case, the IJ found that an essential factual allegation underlying petitioner's asylum claim—that he was forced

to undergo surgical sterilization without an anesthetic—was omitted from petitioner's three asylum applications.[1] Although petitioner eventually alleged—in a brief affidavit supplementing his third asylum application—that he was forcibly sterilized, the IJ reasoned that a delay in asserting this "extraordinarily crucial" fact "strains ... credulity." We agree. Petitioner's omission was not incidental or ancillary; indeed, the alleged sterilization went "to the heart of his asylum claim." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir.2004). Therefore, the IJ properly based the adverse credibility finding on petitioner's omission.

Petitioner argues that the omission of the sterilization claim did not warrant an adverse credibility finding in light of our decision in *Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003). His reliance on *Secaida–Rosales* is misplaced. In that decision we declined to credit an IJ's adverse credibility finding when that finding was based on the omission of "not substantial" or "collateral" "detail" from an asylum application. *Id.* at 308–09. Here, by contrast, a "legitimate nexus," *id.* at 307, clearly exists between petitioner's claim of persecution and the omission giving rise to the IJ's adverse credibility finding.

Although the omission of the asserted sterilization from petitioner's asylum applications, standing alone, supports the IJ's adverse credibility finding, we note that the IJ identified several additional inconsistencies among petitioner's testimony and supporting documentation, including discrepancies concerning the birth dates and places of petitioner's children. The

IJ also found a lack of certain documentary evidence to support petitioner's claims, including a lack of medical evidence to compel the conclusion that petitioner was involuntarily surgically sterilized. Petitioner's testimony was also found to be inconsistent with record evidence about the operation of China's family-planning policy. Finally, the IJ, having "carefully listened to [petitioner's] testimony and observed his demeanor," found him not credible. Upon review of the IJ's decision and of the record of this case, we conclude that a reasonable adjudicator would not be compelled to make contrary findings. We therefore affirm the IJ's decision to deny petitioner's asylum application.

 An applicant who, like petitioner, fails to establish his eligibility for asylum is necessarily unable to establish his eligibility for withholding of removal. *See Abankwah v. INS,* 185 F.3d 18, 22 (2d Cir.1999).

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the petition is denied and the decision of the Board of Immigration Appeals is affirmed.

---

1. Petitioner asserted that these omissions resulted from ineffective assistance of counsel and from faulty interpreting at petitioner's asylum interview. Upon review of the record, we conclude that the IJ's decision not to credit these explanations was supported by substantial evidence.