**Natalja Nikolaevna SMOLANAJA,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 03–4377–AG.

United States Court of Appeals,
Second Circuit.

May 11, 2005.

Andre R. Sobolevsky, New York, NY, for Petitioner.

Katherine M. Kelly, Assistant United States Attorney for the District of Columbia (Kenneth L. Wainstein, United States Attorney, Madelyn Johnson, Assistant United States Attorney, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

SUMMARY ORDER

Petitioner Natalja Nikolaevna Smolanaja ("petitioner") petitions for review of the BIA's summary affirmance of Immigration Judge ("IJ") Edward R. Kandler's September 8, 1999 order denying petitioner's claim for asylum under 8 U.S.C. § 1158

and withholding of removal under 8 U.S.C. § 1231(b)(3)(A). We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA issues a decision affirming, without opinion, the decision of the IJ, we review directly the decision of the IJ. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We uphold an IJ's factual findings when they are supported by "substantial evidence." *Id.* at 306–07. Factual findings pertaining to credibility are entitled to "particular deference," and our review of those findings is "exceedingly narrow." *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73, 74 (2d Cir.2004) (citations and internal quotation marks omitted).

 Though the IJ denied petitioner's claim primarily based on his determination that petitioner lacked credibility, petitioner's appellate brief does not dispute the findings underlying that adverse credibility determination. This omission alone provides sufficient basis to deny the petition for review. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004) (noting that an adverse credibility finding dooms an asylum claim). In any event, giving full consideration to the issue, we conclude that substantial evidence supports the IJ's finding that petitioner was not credible. As the IJ noted, petitioner's application and testimony contained material omissions and inconsistencies regarding, *inter alia,* the identity of the people who harassed her, whether she had applied for Latvian citizenship, and whether she sought protection from officials. Even if we were able to reconcile or explain these inconsistencies and omissions, that would not provide a sufficient basis to reject the IJ's conclusions. *See*

*Zhou Yun Zhang,* 386 F.3d at 77 ("[I]t is not our task to see if [the] inconsistent statements can somehow be reconciled. . . . We consider only whether . . . a reasonable adjudicator would be compelled to conclude, contrary to the IJ and BIA, that [petitioner] provided a credible account of persecution."); *see also Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam) (holding that IJ properly based adverse credibility finding on omission in asylum application where omitted fact went " 'to the heart of [the] asylum claim.' " (citation omitted)).

For the foregoing reasons, the petition for review is DENIED.