**Chun He CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–4251.

United States Court of Appeals, Second Circuit.

June 6, 2005.

Tao Lin, Caesar & Napoli, New York, NY, for Appellant.

Rudolph Contreras, Assistant United States Attorney, District of Delaware (Colm F. Connolly, United States Attorney, on the brief), Wilmington, DE, for Appellee.

Present: STRAUB, HALL, Circuit Judges, and KAPLAN, District Judge.*

**SUMMARY ORDER**

UPON SUBMISSION AND UPON DUE CONSIDERATION, IT IS HERE-

---

**BY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Chun He Chen ("Chen"), a citizen of the People's Republic of China, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, the decision of the Immigration Judge ("IJ") to deny Chen's applications for asylum and withholding of removal and to order him removed from the United States. We assume familiarity with the facts, procedural history, and issues on appeal.

Chen seeks asylum and withholding of removal, claiming that he and his wife were subjected to China's coercive family planning policies. In substantial part, Chen claimed that his wife had been subjected to forced abortions and had been threatened with sterilization. At the hearings, the IJ received documentary evidence and Chen testified. The IJ then issued an oral ruling denying Chen's applications. The IJ found that Chen's testimony was not credible and plausible primarily because Chen was unable to reconcile discrepancies between his testimony and the documentary evidence and because he failed to provide sufficient details when probed during questioning. The IJ also noted that documents submitted in support of Chen's claims had not been authenticated and were thus entitled to limited weight. In the alternative, the IJ found that the asylum petition should be pretermitted because Chen did not timely apply for asylum.

The statutory and regulatory grounds for asylum petitions based on China's coercive family planning policy are well established, as are the standards of review of the denial of such applications. *See Zhang v. INS,* 386 F.3d 66, 70–73 (2d Cir.2004).

Where the BIA has affirmed the IJ's decision without opinion, we review the IJ's decision directly. *See id.* at 73. We review findings of fact for "substantial evidence" and give particular deference to an IJ's adverse credibility determination. *See id.* We must uphold a decision that is supported by reasonable, substantial, and probative evidence in the record when considered as a whole, and we may only reverse if we determine that the evidence compels the opposite conclusion. *See id.* "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (citations and internal quotation marks omitted); *see also Dong v. Ashcroft,* 406 F.3d 110 (2d Cir.2005) (per curiam) (explaining standards of review).

In this case, the IJ's denial of the applications for asylum and withholding of removal is supported by substantial evidence. We have considered all of Chen's claims and find them to be without merit. The petition for review is therefore DENIED.