**Syed R. HASHIMY, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Mary Ann Gantner, B.C.I.S. Interim District Director, Respondents.**

No. 03–40256–AG.

United States Court of Appeals, Second Circuit.

June 6, 2005.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Miguel Rivera, Becker, Hadeed, Kellogg & Berry, P.C., Springfield, VA, for Appellant.

Susan K. DeClerq, Assistant United States Attorney, Eastern District of Michigan (Craig S. Morford, United States Attorney, on the brief), Detroit, MI, for Appellee.

PRESENT: McLAUGHLIN, STRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Syed Rahim Hashimy ("Hashimy") seeks review of an order of the Board of Immigration Appeals ("BIA"), dated June 23, 2003, summarily affirming without opinion the decision of the Immigration Judge ("IJ"), which denied Hashimy's applications for adjustment of status pursuant to section 245 of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1255, and for waivers of inadmissibility pursuant INA sections 212(h) and 212(i), codified at 8 U.S.C. § 1182(h), (i). Where the BIA has affirmed without opinion, we review the IJ's decision. *See Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (per curiam). While we assume familiarity with the facts, procedural history, and issues on appeal, some background is essential for this petition.

Hashimy is a citizen and native of Afghanistan who entered the United States in 1992 through the fraudulent use of a passport. Subsequent to his admission, Hashimy filed a petition for political asylum, but before a final determination was made on this petition, Hashimy was arrested in New York in connection with a homicide. He was eventually placed in deportation proceedings in 1994 and in 1995 was convicted of manslaughter pursuant to a guilty plea.

After Hashimy had served his sentence, deportation proceedings continued in 1997. Deportation was sought on the grounds that Hashimy had used a fraudulently obtained passport in entering the country and that he was convicted of an aggravated felony. Hashimy contested deportation by applying for asylum and withholding of removal. He also made applications for adjustment of status pursuant to INA section 245 and for a waiver of inadmissibility based on extreme family hardship under INA section 212(h). On October 23, 1997, the IJ denied Hashimy's applications finding that his conviction rendered him ineligible for asylum and withholding of removal, and that a waiver of inadmissibility and adjustment of status was not warranted. The IJ thus ordered Hashimy deported to Afghanistan.

Hashimy appealed the IJ's decision to the BIA and then filed a supplemental affirmation requesting that he also be considered for withholding of removal, or alternatively deferral of removal, under the Convention Against Torture. On September 28, 2001, the BIA determined that it would be more likely than not that Hashimy would be tortured if returned to Afghanistan, and it granted him deferral of deportation under the Convention Against Torture. The BIA also considered Hashimy's application for waivers of inadmissibility. It indicated that he was eligible for such waivers under INA section 212(h) and 212(i) and that, if the waivers were granted, he would be able to apply for adjustment of status. The BIA noted that the IJ "carefully balanced the equities present in this case, while adjudicating it approximately four years ago." But in light of the fact that such a significant period of time had elapsed, that Hashimy's deportation was being deferred, and that the IJ had indicated there would be hardship to Hashimy's family members, the BIA remanded the case to the IJ "for reconsideration of his discretionary denial of the

respondent's section 212(h) waiver application and to allow the respondent to apply for a section 212(i) waiver."

Upon remand, Hashimy sought relief under INA sections 212(h) and 212(i), each of which allows for a discretionary waiver of certain grounds of inadmissibility based on extreme hardship to an alien's family members who are United States citizens or permanent lawful residents. *See* 8 U.S.C. § 1182(h), (i). On August 7, 2002, the IJ issued an oral decision denying all relief. The IJ recognized that Hashimy had a deferral of removal, but it adopted a posture of treating the application—that is, weighing the equities—as if Hashimy were in imminent danger of removal. In weighing the equities, the IJ considered new evidence, including Hashimy's employment and lack of criminal activity since his release from prison, as well as changed family circumstances. The IJ also examined in great depth the potential hardship on Hashimy's family, considering both the possibility that the family would move to Afghanistan with Hashimy and that it would remain in the United States without him. Ultimately, the IJ denied Hashimy's applications as a matter of discretion. While the IJ's oral decision indicated that Hashimy was "ordered deported from the United States to Afghanistan," its official written order expressly noted that the "grant of deferral of removal remains in effect."

 The BIA summarily affirmed the IJ's decision without opinion, and Hashimy petitions for review. The thrust of Hashimy's argument before us is that the IJ erred by allegedly setting aside the BIA's order granting deferral of removal. That is simply not the case. As expressly indicated by the IJ's order, the "grant of deferral of removal remains in effect." Thus there is no basis to Hashimy's petition for review. He has not challenged the IJ's decision not to grant the waivers of inadmissibility pursuant to INA sections 212(h) and 212(i). Even if he were to challenge these denials, we would lack jurisdiction to review the IJ's decision because it was plainly made as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B) (prohibiting judicial review of denials of discretionary relief under 8 U.S.C. § 1182(h) and § 1182(i)); *see also* 8 U.S.C. § 1182(h) (denying courts jurisdiction to review Attorney General's exercise of discretion under the provision); 8 U.S.C. § 1182(i)(2) (same).

We have considered all of Hashimy's arguments and find them to be based on an incorrect understanding of the IJ's decision or to be otherwise without merit. For the foregoing reasons, the petition for review is denied.