**Minara BEGUM, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–4086.**

United States Court of Appeals, Second Circuit.

June 24, 2005.

Sheikh Salim, Bowen & Melbourne, LLC (David A. Bowen, on the brief), New York, NY, for Petitioner.

Nancy J. Hess, Assistant United States Attorney, Northern District of Florida, Pensacola, FL, for Gregory R. Miller, United States Attorney, for Respondent.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Minara Begum, a citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals ("BIA") dated December 16, 2002, affirming without opinion a November 9, 1999 oral decision of the Immigration Judge ("IJ"), which denied Begum's application for asylum, withholding of removal, and relief under the Convention Against Tor-

ture ("CAT"), and granted her motion for voluntary departure. On appeal, Begum challenges only the denial of asylum and withholding relief. We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA affirms without opinion, we review the IJ's decision. *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) *(per curiam ).* Here, the IJ denied Begum's claims on the basis of an adverse credibility finding.

Our review of the IJ's credibility finding is highly deferential, and this finding is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Xu Duan Dong,* 406 F.3d at 111. "Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (quotation omitted).

Here, the IJ's credibility finding was based on, *inter alia,* [i] examples of inconsistent, implausible, and vague testimony; and [ii] the lack of reasonably available corroborative evidence. A reasonable adjudicator would not be compelled to reject the IJ's finding. For this reason, the IJ did not err in denying Begum's asylum and withholding of removal claims. *Cf. id.* at 112 (applicant who fails to establish eligibility for asylum is unable to establish eligibility for withholding).

We have considered all of Begum's claims and found each of them to be without merit.

428

The petition for review is therefore **DE-NIED**.