**Jin Zhen CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto GONZALES,[1] United States Attorney General, Respondent.**

No. 03–41046–AG NAC.

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief), Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Andrew Byerly Birge, United States Attorney's Office, Western District of Michigan, Grand Rapids, MI, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzalez is substituted for his predecessor, John Ashcroft, as Attorney General of the United States.

PRESENT: LEVAL, STRAUB, and HALL, Circuit Judges.

Petitioner Jin Zhen Chen ("Chen") petitions for review from the November 2003 final order of removal of the BIA affirming, without opinion, the decision of the Immigration Judge ("IJ") denying her claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as in this case, the BIA affirms, without opinion, the decision of the IJ, we review the IJ's factual findings and credibility determinations under the substantial evidence standard; "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted); *see Dong v. Ashcroft*, 406 F.3d 110, 112 n. 1 (2d Cir. 2005) (*per curiam* ).

In this case, the IJ denied Chen's application based solely on an adverse credibility finding, namely, because of the lack of specificity in her testimony. The IJ's decision in this regard is not supported by substantial evidence. The IJ erred in finding that Chen's asylum application and testimony were inconsistent. Chen provided detailed testimony regarding her forced IUD insertion, hiding from the authorities, and telling the cadres that she was too weak to be sterilized when they first wanted to take her for sterilization. Moreover, Chen's failure to recall the specific date of her sterilization, "which reveal[s] nothing about [her] fear of ... safety[,] ... [is a] minor inconsistenc[y] that cannot form the basis of an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000) (internal quotations and citations omitted). She was able to recall that her sterilization occurred two weeks after the birth of her second child, who was born on April 26, 1994.

Further, on remand, the BIA should make a specific finding with regard to Chen's CAT claim.

Accordingly, we grant Chen's petition, vacate the BIA's order and remand to the BIA for further proceedings.