**Weng Xing LI, Petitioner,**

v.

**Alberto R. GONZALES,**[1] **Respondent.**

**No. 03–41116–AG NAC.**

United States Court of Appeals,
Second Circuit.

Nov. 14, 2005.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Norman Kwai Wing Wong, New York, New York, for Appellant.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Edmond E. Chang, Assistant United States Attorney, Matthew M. Getter, Assistant United States Attorney, Carole J. Ryczek, Assistant United States Attorney, Chicago, Illinois, for Appellee.

Present: LEVAL, STRAUB, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby GRANTED, the BIA decision is VACATED, and the case is REMANDED for further proceedings.

Weng Xing Li, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

█ The IJ's and BIA's application of the particular facts to the legal definition of persecution is reviewed *de novo*. *See Secaida–Rosales*, 331 F.3d 297, 307 (2d Cir.2003). Li was never arrested, detained, beaten, or tortured by the government. He asserted that he feared those things would happen to him if he did not leave China. There is no evidence in the record to indicate that Li was persecuted in China as a practitioner, or a perceived practitioner, of Falun Gong. Therefore, the IJ's and BIA's determinations that Li had not met his burden to show past persecution was correct and should be affirmed.

Applicants for asylum can also succeed on their claims by showing that they have a well-founded fear of persecution. 8 U.S.C. § 1101(a)(48). To establish asylum eligibility based on a well-founded fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire*, 357 F.3d at

178. The IJ made an adverse credibility finding, and it appears that the IJ determined that Li's fear was not subjectively genuine or objectively reasonable because he was not credible. *Id.* at 29. On the other hand, the BIA did not address the IJ's finding of adverse credibility, and the BIA opinion seems to indicate that Li's well-founded fear argument failed only because his fear was not objectively reasonable. *Id.* at 2. We will discuss each in turn.

■ The IJ's credibility finding, which is the basis for the finding that Li did not subjectively fear persecution, is not supported by the record as a whole. Credibility determinations are typically reviewed under the substantial evidence standard of review, and this Court's review of an adverse credibility determination is "highly deferential." *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) *(per curiam).* An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang,* 386 F.3d 66, 74 (2d Cir.2004) (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)).

In this case, the IJ did not provide any information or examples that led to her adverse credibility finding. The IJ simply stated in her opinion, "The Court is not convinced that the respondent testified credibly." *Id.* The IJ continued by giving a couple of reasons why she did not believe that the public security officials would actually be looking for Li, but these statements go more towards whether Li's fear was objectively reasonable, not whether Li was credible. There is absolutely no information in the IJ's oral decision that would explain the IJ's adverse credibility finding. The IJ's finding that Li was not credible and did not have a subjective fear of persecution is not supported by substantial evi-

dence in the record, and this issue should be remanded for further findings.

■ The IJ and BIA both determined that Li did not have an objectively reasonable fear of persecution in China because Li did not actually practice Falun Gong. However, neither the IJ nor the BIA examined whether the government thought he practiced Falun Gong. This Court recently clarified that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act." *Gao v. Gonzales,* 424 F.3d 122 (2d Cir.2005). In *Gao,* this Court held that an individual who made clear through his testimony and asylum application that the government thought he was a practitioner of Falun Gong and that he had a well-founded fear of persecution on that basis is eligible for asylum. *Id.* at 129–30.

In the current case, Li also made clear that he feared persecution because the government believed that he practiced Falun Gong because he took his father to and from the master's house on a daily basis. It is Li's burden to prove that the Chinese government actually thought he practiced Falun Gong and that he has a reasonable fear he would be persecuted as a result. *Gao,* 424 F.3d at 130. However, the IJ and the BIA did not consider imputed political opinion as a basis for Li's asylum claim. Therefore, the case is remanded so that the agency can determine if Li is eligible for asylum on account of imputed political opinion.

■ Furthermore, in determining that Li did not have an objectively reasonable fear of persecution, the IJ failed to consider the country reports or any other documentation of persecution against Falun Gong practitioners in China, none of which are in the record. Although the burden of persuasion is generally on the asylum ap-

plicant, the burden of production is shared with the government because the government often has more access to the State Department Reports and other current data. *Yang v. McElroy,* 277 F.3d 158, 163 (2d Cir.2002); *see also Matter of S–M–J–,* 21 I & N Dec. 722, 727, 1997 WL 80984 (BIA 1997). The IJs also have a responsibility to enter into evidence any documentation that supports their findings. *Matter of S–M–J–,* 21 I & N Dec. at 727. When background information is essential, and background information is not placed in the record by either party, the IJ has an obligation to establish the record before ruling on the merits of an asylum claim. *Id.* at 728.

Since neither party sought to enter evidence of the country conditions in China as they relate to the practice of Falun Gong, the IJ should have sought to have documentary evidence submitted that would help her evaluate Li's claim that he would be persecuted as an individual who was perceived to be participating in Falun Gong activities. The BIA has not made any administrative findings regarding the persecution of Falun Gong practitioners in any of its published cases. The IJ's determination that Li did not have an objectively reasonable fear of persecution was improper without evidence of the situation faced by Falun Gong practitioners in China. Without this information, the record was inadequate to make that determination.

██ Li also appeals from the denial of his CAT claim arguing that the IJ's and BIA's decision denying relief under CAT is not supported by the record. It is unclear upon what information the agency relied in denying Li's CAT claim. Neither the country reports nor other documentary evidence were placed in the record. On the present record, it is impossible to understand how the IJ and BIA denied Li's claim under CAT without considering country condition information. *See* 8 C.F.R. § 1208.16(c)(3). Therefore, the IJ's and BIA's findings denying Li's CAT claim are not supported by substantial evidence in the record.

Accordingly, the petition for review is granted, the BIA order is vacated, and the case is remanded to the BIA for further proceedings in accordance with this order. The outstanding motion for stay of removal is denied as moot.