JIAN YUN YOU, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 03–4715–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 1, 2005.

Gary J. Yerman, New York, NY, for Petitioner.

James C. Mitchell, Assistant United States Attorney, Eastern District of Michigan, Flint, MI, for Respondent.

Present: WALKER, Chief Judge, CALABRESI, and POOLER, Circuit Judges.

Petitioner Jian Yun You ("You") petitions for review from the March 31, 2003 final order of removal by the Board of Immigration Appeals ("BIA") affirming and adopting the decision of the immigration judge ("IJ") denying his application for asylum and withholding of removal, and denying him Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case. In this appeal, You challenges the IJ's adverse credibility determination and the denial of CAT relief.

Where, as in this case, the BIA affirms, without opinion, the decision of the IJ, we review the IJ's factual findings and credibility determinations under the substantial evidence standard; "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted); *see Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). The IJ provided specific, cogent reasons for her adverse credibility finding, including that the photograph purporting to be that of You and his wife on their marriage certificate was fabricated and retouched, that You's explanation for the photograph was implausible, particularly in view of You's repeated testimony about the rigidity of Chinese procedures for registering a marriage, and that the public, unauthenticated documents that You proffered were unreliable and did not rehabilitate You's lack of credibility. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000). Thus, You has not satisfied the standard for granting asylum, and consequently cannot meet the higher standard

for granting withholding of removal. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ Further, the IJ correctly determined that You also failed to meet his burden under the CAT, as You did not demonstrate that "it is more likely than not that he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

We have reviewed You's remaining arguments and they are without merit. Accordingly, we deny You's petition, as well as You's pending motion for a stay of removal.