**Qi Di ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, United States Department of Justice, Respondent.**

No. 05–1191–AGNAC.

United States Court of Appeals, Second Circuit.

Feb. 28, 2006.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Miami, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qi Di Zhang, though counsel, petitions for review of the BIA decision dismissing his appeal from the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case and hold as follows.

"When the BIA issues an opinion, 'the opinion becomes the basis for judicial review of the decision of which the alien is complaining.'" *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005) (quoting *Niam v. Ashcroft,* 354 F.3d 652, 655 (7th Cir. 2004)). "Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, however, we review the decision of the IJ as supplemented by the BIA." *Id.* Here, while the BIA noted that

portions of the IJ's decision were correct, the BIA did not adopt the decision of the IJ to any extent, nor is the BIA's opinion merely supplemental. Accordingly, we will review the decision of the BIA directly.

This Court reviews adverse credibility determinations under the substantial evidence standard and such determinations are conclusive unless " 'any reasonable adjudicator would be compelled to conclude to the contrary.' " *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (quoting 8 U.S.C. § 1252(b)(4)(B)). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

In this case, the BIA relied on the inconsistencies between Zhang's arrival interview and his application and testimony in denying him asylum. This Court "exercise[s] caution when reviewing statements made within the context of airport interviews," *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005) (quoting *Ramsameachire,* 357 F.3d at 179), and the agency may rely on an alien's testimony in an airport interview if it "represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible.' " *Id.* (quoting *Ramsameachire,* 357 F.3d at 179).

Here, the BIA properly concluded that Zhang's arrival interview with the immigration officer was "a reliable, probative, and fair account of the questions asked and answers provided during the ... interview, and [Zhang] had confirmed such during the [removal hearing]." Accordingly, because Zhang altered his explanation for fleeing China between his arrival interview and his subsequent application and testimony, and because this inconsistency concerned matters that "went to the heart of his asylum claim," *Ramsameachire,* 357 F.3d at 182, the BIA's consequent rejection of Zhang's asylum claim on this basis is supported by substantial evidence.

With respect to Zhang's application for withholding of removal on the basis of his alleged Falun Gong membership, substantial evidence supports the BIA's finding that Zhang had not testified credibly with respect to his claim that he had been persecuted as a member of Falun Gong and, accordingly, he has not demonstrated that it is more likely than not that he would persecuted on this basis if returned to China. Likewise, Zhang has not shown that he will more likely than not be tortured if returned to China because of his alleged participation in Falun Gong and, thus, he is not entitled to CAT relief.

Substantial evidence also supports the BIA's denial of Zhang's claim that he was entitled to relief or protection from removal because he may be jailed for leaving China without permission. "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally departs the country." *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 407 (2d Cir.2005). However, "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. United States Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Accordingly, Zhang failed to establish eligibility for asylum on this basis. Moreover, Zhang also has not demonstrated that he is eligible for withholding of removal on this basis, as he failed to allege that he was persecuted based on an enumerated ground under the INA. *See* 8 C.F.R. § 208.16(b)(1); *Ramsameachire,* 357 F.3d at 178. Additionally, as Zhang has not shown that illegal emigrants are more likely than not to be tortured in Chinese prisons, he has not demonstrated that he is entitled to CAT

relief on this basis. *See Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (upholding the BIA's denial of CAT relief where petitioner's sole argument was that she was entitled to relief as "part of the large class of persons who have illegally departed China").

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).