**QI–LU CHEN,[1] Petitioner,**

**v.**

---

1. The caption is hereby amended to reflect the proper spelling of the Petitioner's name.

Alberto R. GONZALES,[2] Attorney General of the United States, The United States Department of Justice, Michael Chertoff,[3] Secretary of Homeland Security, The Department of Homeland Security, Respondents.

No. 04–4927–ag.

United States Court of Appeals, Second Circuit.

Sept. 21, 2006.

**2.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**3.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

Douglas B. Payne, New York, NY, for Petitioner.

Eric F. Melgren, United States Attorney for the District of Kansas, Brent I. Anderson, Assistant United States Attorney, Wichita, KS, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Qi–Lu Chen, a citizen of the People's Republic of China, petitions for review of the August 25, 2004 per curiam order of the BIA affirming without opinion the March 6, 2003 opinion of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his application for asylum and withholding of removal, as well as his claims under the Convention Against Torture ("CAT").[4] *In re Qi–Lu Chen,* No. A 78 848 831 (B.I.A. Aug. 25, 2004), *aff'g* No. A 78 848 831 (Immig. Ct. N.Y. City Mar. 6, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, because Chen did not argue his CAT claim before the BIA or this Court, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Where, as here, the BIA summarily affirms the IJ's decision without opinion, this Court reviews the decision of the IJ, *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d

Cir.2005) (per curiam), under the substantial evidence standard, *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). There is not substantial evidence to support the IJ's adverse credibility determination in this case.

The IJ based her denial of Chen's application for asylum and withholding of removal on an adverse credibility finding predicated on three specific inconsistencies or implausibilities in his testimony: (1) the IJ did not believe that Chen was a Christian; (2) the IJ regarded Chen's testimony concerning his Falun Gong-practicing cousin as implausible; and (3) the IJ found that Chen had not established a well-founded fear of future persecution. This Court generally grants "particular deference" to the credibility findings of the IJ. *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997). However, "[t]he fact that an IJ or the BIA relied solely on an adverse credibility finding in dismissing an application does not insulate that decision from review." *Zhi Wei Pang v. BCIS,* 448 F.3d 102, 107 (2d Cir.2006). Rather, this Court requires that the IJ's reasons for an adverse credibility finding be "specific" and "cogent," with a legitimate nexus to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). In this case, none of the three findings is supported by specific or cogent evidence in the record.

■ First, Chen made no claim that he was being persecuted in China because of his Christianity. Petitioner's religion was wholly irrelevant to his asylum petition and should have formed no basis for the IJ's inquiry. Having solicited evidence on this topic, however, the IJ mischaracterized Petitioner's responses by stating that he did not know the name of his church

---

4. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, opened for signature Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

when his answer on that point was clear. The other alleged discrepancy that the IJ identified—between the name of the church offered by Chen in his testimony and the name given on a certificate from a different organization, which Chen submitted as evidence of his conversion to Christianity—was not a "plainly obvious" incongruity, and thus the IJ could not rely on it "to support an adverse credibility ruling without first identifying the alleged inconsistences for the applicant and giving the applicant an opportunity to address them." *Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir.2006).

█ Second, the IJ's findings with respect to communication between Chen and his cousin, as well as the cousin's stay at Chen's home, are conclusory and appear to be based on impermissible "speculation, conjecture, or flawed reasoning." *Zhi Wei Pang,* 448 F.3d at 107. The IJ offered no reasoning to support her determination that it was "highly implausible" that Chen would be fired within three days of the police visit to his home. Likewise, the IJ improperly disregarded Chen's wholly consistent testimony regarding his lack of communication with his cousin, and the letter from his cousin in hiding that was sent by Chen's mother to his attorney by his cousin in hiding. Absent any explanation by the IJ why Chen's testimony on these points was implausible or inconsistent, the finding cannot be deemed supported by substantial evidence.

█ Third, the IJ incorrectly equated a lack of past persecution with the absence of a well-founded fear of future persecution. She declined to credit any of Chen's testimony regarding imputed membership in Falun Gong without adequately supporting the foundation for her adverse credibility determination, and thus impermissibly rejected Chen's claim of a well-founded fear of future persecution. *See Chun Gao*

*v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir. 2005) (recognizing imputed political opinion as a ground on which asylum may be granted). Likewise, the IJ failed to explain why she deemed "improbable" Chen's testimony that he was wanted by the Chinese Public Security Bureau more than a year after he left China.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

