**GAO JIAN CHEN, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General Alberto Gonzales, Respondents.**

**No. 05–0777–ag.**

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Drew H. Wrigley, United States Attorney for the District of North Dakota, Brett M. Shasky, Assistant United States Attorney, Fargo, ND, on submission, for Respondent.

Present: AMALYA L. KEARSE, SONIA SOTOMAYOR, ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Gao Jian Chen, a citizen of the People's Republic of China, petitions for review of the January 21, 2005 order of the BIA affirming without opinion the September 26, 2003 opinion of Immigration Judge ("IJ") Elizabeth A. Lamb denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] *In re Gao Jian Chen*, No. A 77 347 283 (B.I.A. Jan. 21, 2005), *aff'g* No. A 77 347 283 (Immig. Ct. N.Y. City Sept. 26, 2003). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without opinion, this Court reviews the decision of the IJ. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (per curiam). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

The IJ "determined that [Chen] is essentially not a credible witness." Chen argues that there is not substantial evidence to support this finding because "[t]he only actual discrepancy found by the IJ is the Petitioner's answer to her question that he was denied a marriage license in October 1999 because of early marriage and early pregnancy, but that the government did not learn of his girlfriend's pregnancy until February 2000." The IJ cited

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, opened for signa-ture Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

at least three distinct bases for her adverse credibility finding, however, and there is substantial evidence in the record to support each. Thus, in the aggregate, there is substantial evidence to support the IJ's adverse credibility determination.

The IJ first noted that Chen provided two different dates—October 1999 and February 2000—to describe when he first knew his girlfriend was pregnant. Chen stated that he and his girlfriend suspected, but did not know, that she was pregnant as early as October 1999, and only officially learned of the pregnancy at a February 5, 2000 doctor's visit. Yet Chen stated that in October 1999, he was told by local family planning officials that he and his girlfriend were in violation of the family planning policy for "early pregnancy and early marriage," indicating that the government officials knew of the pregnancy at that early date. Chen later attempted to correct his testimony, under questioning by the IJ, by telling her that the officials warned him only because of the couple's early marriage, and that his mention of their knowledge of the early pregnancy had been an error. Although the IJ could have accepted this explanation, she was not compelled to do so. *See Zhou Yun Zhang,* 386 F.3d at 76.

Another basis for the IJ's adverse adverse credibility determination was that Chen submitted an unauthenticated summons calling him to court to answer to charges of "Illegal Marriage and Early Birth," while testifying that he had never been married. Chen never claimed to have married his girlfriend, and admitted that they lived in separate parts of their dormitory. He proffered no plausible evidence to explain why, under these circumstances, the government would have believed he was married. And although Chen testified that he was persecuted by the Chinese government because he violat-

ed the family planning policy by "[e]arly birth," his letter to the IJ clearly indicated that there had been no such birth because his "girlfriend was forced to have an abortion on April 13, 2000." These discrepancies also provided a proper basis for the IJ's negative credibility determination.

As a secondary argument, Chen asserts that any discrepancies the IJ found in his testimony "amount to nothing more than minor or trivial discrepancies that do not go to the heart of [his] claims." But the connection between Chen's asylum claims, which revolve around coercive family planning policies, and the inconsistencies upon which the IJ relied for her adverse credibility determination, which concern Chen's testimony regarding his relationship with his girlfriend, her pregnancy and their efforts to marry, is far more intimate than Chen suggests. Where an asylum claim concerns family planning, testimony regarding the composition of the putative family goes to the very heart of that claim, and discrepancies in that testimony may reasonably form the basis of an IJ's adverse credibility determination. Where the factual basis of asylum, withholding of removal and CAT claims are the same, the adverse credibility determination with regard to one claim may be dispositive for all. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

Relying on our decision in *Shi Liang Lin v. U.S. Department of Justice,* 416 F.3d 184 (2d Cir.2005), Chen contends that his petition should be remanded to the BIA for clarification of whether he, as the boyfriend of a victim of coercive family planning practices, is eligible for asylum. Without expressing any opinion on this claimed eligibility, we decline to remand because to do so, in light of the IJ's adverse credibility determination, would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

In light of the incredibility of Chen's testimony, we also decline to find the IJ's failure to consider arguably relevant portions of the Department of State report on China to be in error.

Finally, we find unavailing Chen's argument that, by pretermitting his asylum application, the IJ failed to give adequate consideration to his full array of arguments, because the testimony described above provided a full airing of the central elements of Chen's application and failed to persuade the IJ.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of deportation is DENIED as moot.