**Albert Abdel Salam ABDELMALEK GIRGIS,[1] Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–0836–AG.

United States Court of Appeals, Second Circuit.

Dec. 21, 2006.

David A. Barnett, Frenkel, Hershkowitz & Shafran LLP, New York, NY, for Petitioner.

E. Bryan Wilson, Assistant United States Attorney, for Gregory R. Miller, United States Attorney for the Northern District of Florida, Tallahassee, FL, for Respondent.

Present: SONIA SOTOMAYOR, ROBERT A. KATZMANN and BARRINGTON D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Albert Abdel Salam Abdelmalek Girgis, a citizen of Egypt, petitions for review of the January 25, 2006 order of the BIA adopting and affirming without opinion the September 2, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). *In re Albert Abdel Salam Abdelmalek Girgis*, No. A 96 423 874 (B.I.A. Jan. 25, 2006), *aff'g* No. A 96 423 874 (Immig. Ct. N.Y. City Sept. 2, 2004). We presume the parties' familiarity with the underlying facts and procedural history of the case.

---

1. The caption is hereby amended to reflect the proper spelling of the Petitioner's name.

Where, as here, the BIA adopts and affirms the IJ's decision without opinion, this Court reviews the decision of the IJ, *see Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (per curiam), under the substantial evidence standard, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). There is substantial evidence to support the IJ's determination that Girgis is ineligible for withholding of removal under the INA and the CAT.

Girgis first argues that the IJ erred by denying "the existence of explicit, highly probative record evidence that the Egyptian government punishes proselytizers." He contends that State Department country reports provide evidence that he would be subjected to persecution for having aided Housni in his conversion from Islam to Coptic Christianity. The report passages that Girgis cites appear to substantiate his claim "that it is a crime for anyone to assist in the conversion of a Muslim and that those accused of this crime have been harassed, prosecuted, and arrested." The reports indicate that "those accused of proselytizing have been harassed by police or arrested on charges of violating Article 98(F) of the Penal Code, which prohibits citizens from ridiculing or insulting heavenly religions or inciting sectarian strife." [2] The dictionary definition of proselytize— "to cause to come over or turn from one opinion, belief, creed, or party to another; *esp.* to convert from one religious faith or sect to another," XII Oxford English Dictionary 664 (2d ed.1989)—clearly encompasses Girgis's alleged role in Housni's conversion, and thus the State Department's reports of harassment against those accused of proselytizing might support a finding in Girgis's favor. To the extent that the IJ determined that they did not provide evidence to support Girgis's claim of a well-founded fear of future persecution because they did not amount to "evidence to suggest that the police also attack or persecute individuals who assist in the conversion [from Islam to Coptic Christianity]," such a finding appears to be in error.

While this error would normally require vacatur and remand, the IJ denied Girgis's petition on an "alternative and sufficient basis," *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005), to obviate the need for such a disposition. Here, the IJ permissibly denied the existence of an evidentiary nexus between Girgis's participation in Housni's conversion and the Egyptian government's pursuit of him. Contrary to Girgis's assertion that the IJ ignored pertinent testimony, it is clear from the IJ's decision that he fully considered both Girgis's testimony as well as the testimony of Girgis's mother, neither of whom was able to establish a nexus between Girgis's religious activity and the police's periodic efforts to find him. Considering this testimony along with the limited circumstantial evidence of the connection, the IJ permissibly determined that "[t]here is not one scintilla of proof that the police were aware that the respondent

---

**2.** This Court has repeatedly noted that persecution does not encompass "mere harassment," *Tian–Yong Chen v. U.S. I.N.S.*, 359 F.3d 121, 128 (2d Cir.2004), but we have also recognized "that the difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006). We have also indicated that even "a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) (citing *Tian–Yong Chen*, 359 F.3d at 128). We express no opinion as to whether the harassment Girgis alleges to have experienced, or the harassment or arrests the State Department reports indicate he might experience, rise to the level of persecution.

ever assisted in the conversion of Housni" and thus permissibly denied the "evidentiary link between that conversion and any awareness on the part of the police that the respondent assisted in it."

Girgis alleges that the IJ erred in suggesting that the Egyptian government has not attempted to contact Girgis when he stated, "If, as the record indicates, the police had a file on the respondent and his assistance in his conversion of others, then it is reasonable that they would have made attempts to directly contact him to question him about those efforts." As the government concedes, this statement is "ambiguous." The IJ's opinion makes clear, however, that he considered and gave due regard to Girgis's and his mother's testimony regarding the repeated police searches of his home. The most logical implication of the IJ's statement in light of his other comments is that it was implausible that Girgis could remain undisturbed by the police in Egypt after his departure from the monastery if the government's interest in him, and the likelihood of his future persecution reflected in the State Department reports, were as substantial as Girgis now alleges. Because the IJ's statement, in context, does not indicate any failure to consider record evidence, or any misreading of that evidence, we find no error.

Finally, Girgis claims—without explanation or argument—that the IJ erred in holding that the absence of past persecution undermined Girgis's claim of future persecution. The IJ's statement that "[t]he evidence offered by the respondent in terms of his own past undermines any assertion that it is more likely than not that he will be harmed if he returns to Egypt because of his Coptic faith" is unclear at best. However, the paragraphs following this statement make clear that "[t]he evidence offered by the respondent in terms of his own past" consists of Girgis's and his mother's testimony regarding his experiences with Egyptian authorities in Egypt, which, as discussed above, the IJ reasonably discounted. Where, as here, a petitioner relies on a set of facts regarding past persecution to prove a well-founded fear of future persecution, the IJ appropriately considers those facts in making his determination as to whether the petitioner is eligible for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because Girgis provided no evidence of past persecution on the basis of his religious activity, the IJ did not erroneously hold that Girgis's claim of future persecution was undermined by a lack of past persecution.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is therefore DENIED as moot.

*THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.*