HUO QUAN CHENG, Shui
Yu Liu, Petitioners,

v.

Alberto R. GONZALES, United States
Attorney General, Respondent.

No. 06–4162–ag.

United States Court of Appeals,
Second Circuit.

June 22, 2007.

David X. Feng, New York, NY, for Petitioners.

Peter D. Keisler, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioners Huo Quan Cheng and Shui Yu Liu, citizens of the People's Republic of China, seek review of an August 18, 2006 order of the BIA, affirming the June 8, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Huo Quan Cheng and Shui Yu Liu,* Nos. A70 529 064, A70 904 759 (B.I.A. Aug. 18, 2006) *aff'g* Nos. A70 529 064, A70 904 759 (Immig. Ct. N.Y. City June 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, includ-

ing adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the agency's adverse credibility finding is supported by substantial evidence. The agency reasonably found it a material omission that Liu failed to mention her sterilization in her asylum application. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). Additionally, the many discrepancies within Liu's and Cheng's own testimonies, between their testimonies, and between their testimonies and written statements were not minor or immaterial. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106 (2d Cir.2006) (citing *Zhou Yun Zhang,* 386 F.3d at 77). The agency also reasonably refused to admit a doctor's letter into evidence because the doctor's credentials were not established and an important date in the document had been altered. Accordingly, the adverse credibility finding and the resulting denial of asylum were supported by substantial evidence.

Likewise, because Cheng and Liu were unable to establish the objective likelihood of persecution necessary to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). And because there is no evidence that Cheng or Liu would be tortured in China, denial of CAT relief was appropriate. *See Shu Ling Ni v. BIA,* 439 F.3d 177, 180 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, the pending motion for a stay of removal is DISMISSED as moot.