10-4458-ag
Xu v. Holder

BIA
Abrams, IJ
A078 854 006

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        GUIDO CALABRESI,
        REENA RAGGI,
            *Circuit Judges.*
_____

LI HAN XU, ALSO KNOWN AS SANDJAJA HANDRYANTO,
        *Petitioner,*

        v.                                      10-4458-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Feng Li, Moslemi and Associates, Inc., New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Li Han Xu, a native and citizen of China, seeks review of an October 22, 2010, order of the BIA affirming the February 23, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Han Xu,* No. A078 854 006 (B.I.A. Oct. 22, 2010), *aff'g* No. A078 854 006 (Immig. Ct. N.Y. City Feb. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably relied on the inconsistency between Xu's hearing testimony and his airport interview in finding him not credible. Specifically, Xu's asylum claim was based on his hearing testimony that he had two children, but he stated in his airport interview that he had only one child. *See Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir. 2005) (holding that an IJ may base an adverse credibility determination on discrepancies that go to "the heart of [petitioner's] asylum claim" (internal quotation marks omitted)); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004) (holding that this Court examines record of airport interview to ensure that it represents a "sufficiently accurate record" of asylum applicant's statements to merit consideration in determining whether applicant is credible). The agency did not err in rejecting his explanations that his airport-interview statement was "not complete" because he had been "quite nervous" and because his interpreter had communicated with him by telephone. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (concluding that agency need not credit asylum applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to

3

do so); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398 n.6 (2d Cir. 2005) (holding that asylum applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" agency from relying on interview as long as agency acknowledges and evaluates this explanation).

The adverse credibility determination was further supported by the agency's finding that, in the six years since his last hearing, Xu failed to provide any additional evidence to corroborate the existence of his second child. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding asylum applicant's failure to corroborate his testimony may bear on his credibility where "the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Accordingly, given the lack of corroborating evidence to rehabilitate Xu's inconsistent statements as to how many children he has and the fact that this issue is central to Xu's asylum claim, substantial evidence supports the agency's adverse credibility determination.

As the existence of his second child is necessary to both Xu's claims of past persecution and his fear of future

persecution, the credibility determination is dispositive and we do not address Xu's additional arguments.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk