**Maoyi LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4988–AG.

United States Court of Appeals, Second Circuit.

March 7, 2006.

---

Gary J. Yerman, New York, New York, for Petitioner.

Laura Thomas Rivero, Assistant United States Attorney (R. Alexander Acosta, United States Attorney, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Assistant United States Attorney, on the brief), Southern District of Florida, Miami, Florida, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

Maoyi Liu petitions for review of an August 24, 2004 BIA order affirming an order from an Immigration Judge ("IJ") denying Liu's application for withholding of removal and relief under the U.N. Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

Where, as here, the BIA adopts the IJ's decision and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 543 (2d Cir.2005).

Liu applied for withholding of removal and relief under the Convention Against Torture, but not asylum. Liu challenges the adverse credibility determination on which the denial of his applications was based. His brief to this Court challenges only the denial of withholding of removal, thereby waiving any challenge to the denial of CAT relief. *See Yueqing Zhang,* 426 F.3d at 541 n. 1.

Before a petitioner can seek judicial review of a claim, he must have "exhausted all administrative remedies available to [him] as of right." 8 U.S.C. § 1252(d)(1); *see Gill v. INS,* 420 F.3d 82, 86 (2d Cir. 2005). Liu's brief to the BIA discussed neither withholding nor CAT relief. Instead, it contained a recitation of the standards governing applications for asylum, and a single paragraph asserting that it would be dangerous for Liu to return to China.[1] The BIA treated Liu's appeal as

---

* The Honorable Miriam G. Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation.

1. We feel obligated to note our serious concerns about the quality of representation provided by the petitioner's attorney before the BIA. The attorney who filed this brief before the BIA, Baird Cuber, was not the attorney who represents Liu in this Court. The argument section of the brief filed before the BIA contains virtually no discussion of the individual facts of Liu's case, and the rest of the brief consists of a recitation of legal standards governing asylum, a form of relief for which Liu did not apply. We also note that counsel's practices may be part of a pattern evidenced in other cases we have seen in which briefs by Mr. Cuber have failed to exhaust or arguably failed to exhaust the petitioner's claims on appeal. Mr. Cuber is reminded of his profes-

if it raised the withholding of removal and CAT issues; its opinion discussed the withholding and CAT claims without mentioning Liu's failure to raise them specifically. Even if Liu were deemed to have exhausted his claims, however, we would deny his petition, because the IJ's opinion was supported by substantial evidence.

We initially reject as without merit Liu's argument that the IJ failed in his duty to develop the record. *See Yang v. McElroy,* 277 F.3d 158, 162 (2d Cir.2002). The hearing transcript indicates that the IJ properly discharged his duty in this case by asking Liu questions about the night his mother was taken into custody and about his practice of Falun Gong. The fact that Liu was unable to provide consistent answers to these questions does not indicate the IJ's failure to develop the record but rather Liu's inability to support his claim with credible evidence.

The adverse credibility determination was supported by material inconsistencies in Liu's testimony. As the IJ noted, Liu first stated that he had stopped practicing Falun Gong in China when the Chinese government banned the practice in July of 1999. Later, however, he stated that he practiced Falun Gong in China "every Sunday" and named a specific building in China where he had practiced after the July 1999 ban. Liu also testified that he was at a relative's house when his mother arrested. But Liu later testified, and his written application for withholding of removal indicated, that he was in a boat fishing with his father when his mother was arrested. These inconsistencies support the IJ's adverse credibility determination because they were "not incidental or ancillary" but "went 'to the heart of his asylum claim.'" *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d 169, 182 (2d Cir. 2004)).

The IJ also reasonably faulted Liu for failing to obtain supporting evidence from any of the people in the United States with whom he claimed regularly to practice Falun Gong. Liu was offered the chance to explain his failure to obtain these corroborating materials, but failed to give any explanation. *See Zhou Yun Zhang v. U.S. INS,* 386 F.3d 66, 71 (2d Cir.2004) (noting that "where the circumstances indicate that an applicant has, or with reasonable effort could gain, access to relevant corroborating evidence, his failure to produce such evidence in support of his claim is a factor that may be weighed in considering whether he has satisfied the burden of proof."). Thus, the IJ's denial of Liu's application based on an adverse credibility finding was adequately supported by the record.

For the foregoing reasons, the petition for review is DENIED.

**De Shun LIU, Petitioner,**

**v.**

sional duty to provide quality representation to his clients.