**Yu Guang ZHENG, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40366.

United States Court of Appeals,
Second Circuit.

March 20, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma. City, Oklahoma (on submission), for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. JOHN G. KOELTL,

District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED. Petitioner's Motion for a Stay of Deportation is likewise DENIED.

Yu Guang Zheng, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA does not expressly adopt the IJ's decision, but issues a short decision that agrees with all or most of the IJ's reasoning, it is appropriate to review the decision of the IJ as supplemented by the BIA. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (reviewing the IJ's 30–page decision when the BIA's decision was brief and "primarily recount[ed] the IJ's reasoning").

This Court reviews the IJ's and BIA's factual findings under the substantial evidence standard, and as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000)). The substantial evidence standard also applies to credibility determinations, and this Court's review of an IJ's adverse credibility determination is "highly defer-

ential." *Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). When the "IJ's adverse credibility finding is based on specific examples in the record of ... contradictory evidence or inherently improbable testimony ...," a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (quoting *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004)). This Court "may not itself hypothesize excuses for the inconsistencies, nor may it justify the contradictions or explain away the improbabilities." *Zhou Yun Zhang,* 386 F.3d at 74. Moreover, "[w]hen a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Id.* at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)).

In this case, the IJ's adverse credibility finding was substantially supported by the record as a whole. Zheng testified that his wife was forcibly sterilized in 1989, but the only documentary evidence of the sterilization was a certificate dated 1991. As to the time of sterilization, the IJ was not obligated to accept Zheng's wife's explanation. Under the substantial evidence standard, Zheng must "do more than simply offer a 'plausible' alternative theory" to warrant reversing the IJ; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony. *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, the forced sterilization claim was integral to Zheng's persecution claim. *Zhou Yun Zhang,* 386 F.3d at 78.

The IJ further found inconsistencies between Zheng's testimony at the 2002 hear-

* The Honorable John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

ing and the 1995 hearing, as well as with the I–589. These inconsistencies were directly relevant to Zheng's claim that his wife had been forcibly sterilized because they related to the circumstances surrounding the alleged forced sterilization. Zheng was unable to provide a consistent account of which house the authorities destroyed, where he was at the time, or the sequence of critical events. He also provided contradictory accounts of his 1989 arrest. His 2002 account was internally inconsistent as to where the arrest took place, as well as a denial that he ever went to the government office to protest. The IJ could reasonably have found that all these inconsistencies, while relatively minor and not conclusive in themselves, were "indicative of an overall lack of veracity." *Zhou Yun Zhang,* 386 F.3d at 75. Moreover, this Court may not independently try to reconcile these statements, or weigh the inconsistencies to see if we would reach the same credibility conclusions as the IJ. *Id.* at 77. We may consider only "whether, on the evidence adduced, a reasonable adjudicator would be compelled to conclude, contrary to the IJ and BIA, that [Zheng] provided a credible account of persecution." *Id.*

Zheng also challenges the IJ's denial of CAT relief. To qualify for relief, an applicant must establish that it is more likely than not that someone in his or her particular alleged circumstances would suffer torture. 8 C.F.R. § 208.16(c)(2); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 & n. 21 (2d Cir.2003). Zheng argues that he did, in fact, meet this standard, and that he would more likely than not be tortured if he returned to China, either for his violation of the one-child policy or for his illegal departure. In support, he cites country condition reports, which describe the lengthy detentions and beatings many returnees face. His own testimony on this point, however, was brief and sketchy,

stating only that he would be beaten because he left China illegally, with smugglers. *Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). The IJ correctly found that he did not support his burden.

For the foregoing reasons, the petition for review is DENIED, the decision of the BIA is accordingly AFFIRMED, and Zheng's motion for a stay is DENIED.