**Avtar SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General of the United States,
Respondent.**

**No. 06–3529–ag.**

United States Court of Appeals,
Second Circuit.

June 7, 2007.

Hector M. Roman, Roman & Singh,
LLP, Jackson Heights, NY, for Petitioner.

Christopher J. Christie, United States
Attorney for the District of New Jersey,
Yanet Perez Nobel, Assistant United
States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Avtar Singh, a citizen of India, seeks review of a June 29, 2006 order of the BIA, affirming the November 17, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Avtar Singh*, No. A79 683 157 (B.I.A. June 29, 2006) *aff'g* No. A79 683 157 (Immig. Ct. N.Y. City Nov. 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for denial, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions-or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

Here, substantial evidence supports the IJ's finding that Singh testified inconsistently about his arrests. During his credible fear interview, Singh stated that he was arrested twice in 1995, and "mistreated" by the police in March 2003.[1] However, in his asylum application and during his direct testimony, Singh stated that he was arrested four times, once each in January 1997, May 1998, June 1999 and February 2001. During cross-examination, Singh further contradicted himself, testifying that he was also arrested once in 1995.

In addition, the IJ reasonably rejected Singh's explanation that he had omitted three of his arrests from his credible fear interview because he did not know where he was at the time of his interview and because he was afraid. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would

1. Where discrepancies arise from an applicant's statements in an airport interview, we will closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). Here, the IJ reasonably relied on the discrepancies between Singh's testimony and credible fear statements where Singh (1) admitted at his hearing that he had made the inconsistent statements referred to by the IJ, (2) confirmed that he could understand the interpreter provided for him, and (3) indicated that he was only reluctant to speak to the immigration officers because he did not want them to believe he was a criminal, and not because he thought that they would abuse or mistreat him. In addition, Singh's counsel stated that he had no objection to the admission of the credible fear interview.

compel a reasonable fact-finder to do so). Similarly, a reasonable adjudicator would not be compelled to credit Singh's explanation that he omitted his two 1995 arrests from his direct examination because they were minor arrests, particularly where Singh's claims for relief were contingent on the mistreatment he allegedly experienced during the arrests. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir.2005) (finding that an IJ does not err in basing an adverse credibility determination on an omission that bears "a legitimate nexus" to the petitioner's claim of persecution).

We also agree that it was implausible that Singh did not know the meaning of the word "Khalistan." Singh alleged that he was an active member in the Shiromani Akali Dal party, whose purpose was to create "an independent and separate state for the Sikh people." Accordingly, it was reasonable for the IJ to expect Singh to know the word for the independent state he fought to establish. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) (finding that an applicant's lack of doctrinal knowledge about a religion may form the basis of an adverse credibility determination if the applicant could reasonably be expected to know such information based on his prior testimony of familiarity with or expertise in the subject).

Because of the dramatic discrepancies in Singh's claims, we confidently predict the same result would be reached, even if the IJ's other findings regarding Singh's credibility were erroneous. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006). In addition, given the discrepancies in his statements, the IJ also reasonably found that Singh lacked suffi-cient corroboration to rehabilitate his testimony. *See Zhou Yun Zhang*, 386 F.3d at 78 (indicating that an IJ may expect corroboration to rehabilitate incredible testimony). Finally, it was not error for the IJ to give no weight to the corroboration Singh submitted, where much of it was, as the IJ noted, conclusory, lacking in detail, and written in "identical language." *See Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006) (finding that an IJ's adverse credibility determination was supported by the "nearly identical language of the affidavits" submitted by a petitioner). Accordingly, because of Singh's incredible testimony, the IJ did not err in finding that he failed to meet his burden of proof for asylum, withholding of removal or CAT relief.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).