09-0131-ag
Krasniqi v. Holder

BIA
Ferris, IJ
A098 772 002

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of February, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROGER J. MINER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

GJELIL KRASNIQI,
> *Petitioner,*

v.                                           09-0131-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Joshua E. Bardavid, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director; Kate D. Balaban, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Gjelil Krasniqi, a native and citizen of Serbia, seeks review of a December 15, 2008 order of the BIA, affirming the September 24, 2007 decision of Immigration Judge ("IJ") Noel Ferris, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gjelil Krasniqi*, No. A098 772 002 (B.I.A. Dec. 15, 2008), *aff'g* No. A098 772 002 (Immig. Ct. N.Y. City Sept. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam).

2

The applicable standards of review are well-settled.  8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination.  The IJ reasonably noted that, although Krasiniqi claimed to understand the interpreter, his testimony was "confused," and throughout his hearing, he failed to answer questions directly or coherently.  We defer to the IJ's assessment of Krasniqi's demeanor.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  In addition, the IJ highlighted several discrepancies present in the record, including an inconsistency as to the date on which Krasniqi's cousin was allegedly murdered and the omission of an alleged persecutory event from Krasniqi's asylum application.  The IJ reasonably found that these material discrepancies undermined Krasniqi's credibility.  *See, e.g., Dong v. Ashcroft,* 406 F.3d 110 (2d Cir. 2005) (per curiam).  Moreover, no reasonable fact-finder would have been compelled to accept Krasniqi's explanations that these discrepancies were a mere oversight or an error on the part of others.  *See Majidi*, 430 F.3d at 81.

3

Ultimately, because the only evidence of a threat to Krasniqi's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for asylum, withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 275-76 (2d Cir. 2003) (per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
