07-5775-ag
Djigo v. Holder

BIA
Weisel, IJ
A73 677 556

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

ABDOUL AZIZ DJIGO,
> *Petitioner*,

> v.                                          07-5775-ag
>                                             NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,[1]
> *Respondent*.

_____

FOR PETITIONER:     Ronald Salomon, New York, New York.

FOR RESPONDENT:     Gregory G. Katsas, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Abdoul Aziz Djigo, a native and citizen of Mauritania, seeks review of a November 29, 2007 order of the BIA affirming the October 24, 2005 decision of Immigration Judge ("IJ") Robert Weisel, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdoul Aziz Djigo*, No. A73 677 556 (B.I.A. Nov. 29, 2007), *aff'g* No. A73 677 556 (Immig. Ct. N.Y. City Oct. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

2

An IJ's adverse credibility determination must be "based on specific, cogent reasons bearing a legitimate nexus to the determination." *Belortaja v. Gonzales*, 484 F.3d 619, 626 (2d Cir. 2007). The agency may properly base an adverse credibility determination on inconsistencies that "to the heart" of the applicant's claim for relief. *See Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 112 (2d Cir. 2005) (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 182 (2d Cir. 2008)).

Here, the IJ primarily based the adverse credibility finding on two inconsistencies: (1) the inconsistency between Djigo's testimony that he was beaten and detained in 1991 and his concession to testifying at an earlier hearing that the incident occurred in 1989, as was also alleged in his asylum application; and (2) the inconsistency between Djigo's claim that he was beaten and detained for his membership in the African Liberation Forces of Mauritania (FLAM), and his admission before the IJ that he was not a member of FLAM.[2] The IJ's findings had a "legitimate nexus"

_____

[2] Djigo challenges the IJ's adverse credibility finding in his brief to this Court, but did not do so before the BIA. We nonetheless address the adverse credibility determination because the government does not argue that the issue is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 119-20 (2d Cir. 2006) (holding that exhaustion of issues is waived if not raised by the government).

to Djigo's claim for relief. *Belortaja*, 484 F.3d at 626. The IJ did not err in finding that discrepancies in the record regarding Djigo's membership in FLAM and the dates of the sole alleged incident of persecution were central to his claim. *See Xu Duan Dong*, 406 F.3d at 112. Although Djigo explained that the 1989 date was a mistake for which the preparer of the asylum application was responsible, the IJ acted reasonably in rejecting Djigo's explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Because the only evidence of a threat to Djigo's life or freedom depended upon his credibility, his failure to exhaust precludes success on his claims for asylum, withholding of removal, and CAT relief where all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4