10-2228-ag
Xiao Chen Chen v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand eleven.

PRESENT:   JOHN M. WALKER, JR.,
                        REENA RAGGI,
                        DEBRA ANN LIVINGSTON,
                                    *Circuit Judges.*

------------------------------------------------------------------------------------

XIAO CHEN CHEN,

                                    *Petitioner*,

                        v.                                              No. 10-2228-ag

ERIC H. HOLDER, JR., UNITED STATES
DEPARTMENT OF JUSTICE, ATTORNEY GENERAL,
                                    *Respondent.*

------------------------------------------------------------------------------------

APPEARING FOR PETITIONER:   YEE LING POON (Robert Duk-Hwan Kim, *on the brief*), Law Office of Yee Ling Poon, LLC, New York, New York.

APPEARING FOR RESPONDENT:   EDWARD C. DURANT (Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, and Tony West, Assistant Attorney General, Civil Division, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the petition for review of the decisions of the Board of Immigration Appeals

("BIA") is DENIED.

Petitioner Xiao Chen Chen, a citizen of China, petitions for review of BIA decisions affirming orders by Immigration Judges ("IJs") Roxanne Hladylowycz and Steven R. Abrams finding Chen ineligible for asylum, withholding of removal, or protection under the United Nations Convention Against Torture ("CAT"). See In re Xiao Chen Chen, No. A077 957 739 (B.I.A. May 25, 2010), aff'g No. A077 957 739 (Immig. Ct. N.Y.C. Sept. 3, 2008); In re Chen, Xiao Chen, No. A077 957 739 (B.I.A. Nov. 24, 2003), aff'g No. A077 957 739 (Immig. Ct. N.Y.C. May 3, 2002). Insofar as the BIA in its 2003 decision agreed with the IJ's adverse credibility determination as grounds for rejecting petitioner's professed fear of future persecution based on his past opposition to China's family planning policy, we review both the BIA and IJ decisions. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). By contrast, in reviewing the denial of CAT relief based on fear derived from petitioner's illegal departure, we consider only the 2010 BIA decision, which assumed, contrary to the IJ's finding, that petitioner's testimony was credible. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). We apply the substantial-evidence standard to factual findings, which we will uphold "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009). On the other hand, we review questions of law de novo. See Yanqin Weng v. Holder, 562 F.3d at 513. In applying these principles, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.      Family Planning Policy

The agency's adverse credibility determination is supported by substantial evidence

of material inconsistencies and omissions.  First, Chen initially stated that he registered his

marriage in November 2000, as indicated on his purported marriage certificate, but he

subsequently testified that his wife did not sign the marriage registration until January 2001.

Second, although Chen testified that his wife was forced to have an abortion on February 16,

2001, because he failed to pay for a birth permit, he made no mention of the abortion in the

letter he purportedly wrote to the local government on February 19, 2001, in which he asked

only whether the family planning cadres could require him to pay for a birth permit.  Third,

although Chen testified on cross-examination that in February 2002, he learned that family

planning officials were searching for him, he did not mention this fact on direct examination,

nor did his wife in her letter dated March 2002.[1]

---

[1] Admittedly, the alleged visits from the officials occurred after Chen submitted his application.  But Chen neither amended his asylum application to include this allegation nor raised it in his direct examination, and his wife failed to mention the visits in her March 2002 letter, all of which the agency was permitted to consider in assessing Chen's credibility determination.  See Xu Duan Dong v. Ashcroft, 406 F.3d 110, 112 (2d Cir. 2005) (holding that adverse credibility determination was supported by petitioner's delayed inclusion of essential allegation in supplemental affidavit after omitting it from three previous asylum applications).  Even if we were to assume that the IJ erred in finding that Chen had omitted this detail from his asylum application, however, that error does not require remand because the record supports the IJ's other inconsistency findings.  See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 335 (2d Cir. 2006) (holding that error does not require remand if remand would be futile).

Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, see Diallo v. INS, 232 F.3d 279, 288 (2d Cir. 2000), the discrepancies here relate to events at the heart of Chen's claim that he opposed China's family planning policy and had a well-founded fear of persecution on that basis if he returned to China. Where, as here,

> the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise.

Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks and citations omitted), overruled on other grounds, Shi Liang Lin v. U.S. Dep't of Justice, 494 F.3d 296, 305 (2d Cir. 2007) (en banc). Moreover, the agency did not err in rejecting Chen's explanations for the inconsistencies, as a reasonable fact-finder would not be compelled to accept the explanations. See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir. 2005).

To the extent Chen's claims for asylum, withholding of removal, and protection under the CAT relied on his opposition to China's family planning policy, the agency's adverse credibility determination necessarily precludes success on all three claims. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006). Because the above findings of the IJ adequately support the adverse credibility determination and formed the basis of the BIA's decision, we decline to address Chen's challenges to the IJ's additional findings with respect to his credibility. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 335 (2d Cir. 2006).

4

2.     CAT Protection Eligibility

With respect to Chen's CAT claim based on his illegal departure, we employ the same assumptions as the BIA, i.e., that Chen's testimony that he was beaten upon repatriation for a prior illegal departure from China was credible. See Yan Chen v. Gonzales, 417 F.3d at 271–72. Nevertheless, we conclude that the BIA reasonably determined that Chen's testimony was insufficient to demonstrate that he was more likely than not to face torture if returned to China. General evidence from State Department reports or human rights organizations indicating that some repatriated Chinese have been subjected to torture was insufficient to establish this likelihood. Rather, Chen was required to present "additional particularized evidence to support [his] claim." Mu Xiang Lin v. U.S. Dep't of Justice, 432 F.3d 156, 160 (2d Cir. 2005). Insofar as Chen testified to his own past beating, the record does not compel the conclusion that this incident rose to the level of past torture so as to compel an inference of likely future torture. See Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir. 2003) (holding that evidence that petitioner was beaten before leaving China and could be detained on repatriation was insufficient to vacate BIA denial of CAT relief); see also Ramsameachire v. Ashcroft, 357 F.3d 169, 185 (2d Cir. 2004) ("A CAT claim focuses solely on the likelihood that the alien will be tortured if returned to his or her home country, regardless of the alien's subjective fears of persecution or his or her past experiences.").

Thus, contrary to Chen's argument that the BIA disregarded his evidence, we conclude that the BIA reasonably found that evidence insufficient to establish his eligibility for CAT relief. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 338 n.17 (recognizing

5

that court will presume that agency has considered all evidence unless record "compellingly suggests otherwise").

3.      Conclusion

For the foregoing reasons, Chen's petition for review is DENIED.  As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK OF COURT

6